Joshua B. Swigart (SBN 225557)
josh@swigartlawgroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S., Ste. 308
San Diego, CA 92108
P: 866-219-3343
F: 866-219-8344

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keith Martinez, Individually and on behalf of others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>Scott Yancey,<br><br>       Defendant. | Case No.: **'19CV1757 BEN JLB**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.** |

## INTRODUCTION

1. Keith Martinez ("Martinez" or "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Scott Yancey ("Yancey" or "Defendant"), in negligently, and/or willfully contacting Plaintiff for marketing purposes on their cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters,

upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law.  47 U.S.C. §227(b).

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because the events giving rise to Plaintiff's causes of action against Yancey occurred within the State of California and the County of San Diego, within this judicial district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153 (39).

5. Plaintiff is informed and believes, and thereon alleges, that Yancey is, and at all times mentioned herein was, an individual living and working primarily out of Las Vegas, Nevada.

6. Plaintiff is informed and believes, and thereon alleges, that Yancey is, and at all times mentioned herein was, an individual and a "person," as defined by 47 U.S.C. § 153 (39).

7. Yancey provides various real estate courses and products, along with providing real estate seminars and advertises those products through the use of telephone calls.

## FACTUAL ALLEGATIONS

8. At all times relevant Yancey conducted business in the State of California and in the County of San Diego, within this judicial district, specifically by locating Plaintiff's cellular telephone number, placing automated, pre-recorded telephone calls to Plaintiff's cellular telephone, which were directed into the State of California.

9. Plaintiff has business dealings in the real estate world, but has never conducted business with Yancey, either directly or indirectly.

10. At no time did Plaintiff provide his current cellular telephone number to Defendant through any medium.

11. At no time did Plaintiff enter into a business relationship with Defendant.

12. On or about August 29th, 2019, Defendant contacted Plaintiff on his cellular telephones ending in "7942".

13. Upon information and belief, when Plaintiff picked up the telephone there was only a prerecorded voice message on the other end. No live person (other than Plaintiff) was on the telephone. This call was placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), using an "artificial or prerecorded voice" as prohibited by 47 47 U.S.C. § 227(b)(1)(A).

14. Yancey called Martinez's cellular telephone using an artificial or prerecorded voice message in an effort to convince Martinez to register for a real estate investing class offered by Yancey. The calls placed by Yancey were marketing and/or solicitation calls.

15. Plaintiff never provided Defendant prior written express consent to place this telephone call to Plaintiff's cellular telephone.

16. Upon information and belief, this telephone dialing equipment used by Yancey has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Upon information and belief, this telephone dialing equipment also has the capacity to dial telephone numbers stored in a database or as a list without human intervention.

18. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

19. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

20. The telephone numbers Yancey called were assigned to a cellular telephone service for which Plaintiff incurred a charge for cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

21. The calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Defendant's calls to Plaintiff's cellular telephone numbers were unsolicited by Plaintiff and were placed without Plaintiff's prior express written consent or permission.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and on behalf of and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

24. Plaintiff proposes to represent the following Class consisting of and defined as follows:

> All persons within the United States who received any telephone call(s) from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system or artificial or prerecorded voice between August 29, 2015 and the date of the filing of this Complaint.

25. Yancey and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26. Plaintiff and members of the Class were harmed by the acts of Yancey in at least the following ways: Yancey, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using marketing and artificial or prerecorded voice messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

27. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Yancey' records or Yancey' agents' records.

29. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, between August 29, 2015, and the present, Yancey or its agent(s) placed any marketing and artificial or prerecorded voice messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party)

using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Yancey and its agents should be enjoined from engaging in such conduct in the future.

30. As a person that received at least one marketing call via an ATDS or an artificial or prerecorded voice message to their cell phones without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

31. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Yancey' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Yancey will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

32. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

33. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Yancey to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Yancey is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to

present significantly fewer difficulties than those presented in many class claims.

34. Yancey has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Yancey's repeated calls to Plaintiff's cellular telephones without any prior express consent constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

37. As a result of Yancey's, and Yancey's agents', negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

//
//
//
//
//
//

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Yancey made repeated telephone calls to Plaintiff's cellular telephone without being in any business relationship or contract.

41. Yancey's actions constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

42. As a result of Yancey's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the Class members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

43. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

44. Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff's and the Class members the following relief against Yancey:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE
### TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Yancey' and Yancey' agents' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

//

//

1   • Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief
2      prohibiting such conduct in the future.
3   • Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL
### VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

6   • As a result of Yancey's willful and/or knowing violations of 47 U.S.C. §
7      227(b)(1), Plaintiff seeks for himself and each Class member treble damages,
8      as provided by statute, up to $1,500.00 for each and every violation, pursuant
9      to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
10  • Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such
11     conduct in the future.

### TRIAL BY JURY

13  45. Pursuant to the seventh amendment to the Constitution of the United States
14      of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: September 10, 2019            _/s Joshua B. Swigart_
                                     Joshua B. Swigart
                                     Attorney for Plaintiffs